UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD KNAPP, et al.,<br><br>Defendants. | No. 2:17-cv-2154 GEB AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

**I. SCREENING**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

policies/current-rules-practice-procedure/federal-rules-civil-procedure. Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

   A. The Complaint

Plaintiff brings suit pursuant to 42 U.S.C. § 1983 seeking $150,000,000.00 in damages for alleged constitutional violations leading to and including his allegedly wrongful arrest and conviction.  ECF No. 1 at 4-8.  Plaintiff alleges that he was arrested and imprisoned based on false information provided by three alleged victims, and that the deputies searching his home planted a handgun there.  Id.  Plaintiff alleges that during the incident leading to his arrest he was acting in self-defense with an empty, small firearm against three intoxicated adults.  Id. at 10.

Plaintiff was arrested on May 10, 2017 and was incarcerated for six months.  Id. at 24.  Plaintiff is suing El Dorado County.  Id. at 1.  Plaintiff also appears to be suing Judge Kenneth J. Melikan, Judge Thomas A. Smith, Deputy Carter (bailiff for Judge Melikian), and John D'Augustine (Sheriff of El Dorado County).  Id. at 8.  Later in his complaint[1] plaintiff also lists as defendants Edward Knapp, legal counsel for El Dorado County, the El Dorado County Jail, and arresting officer Terri Cissna.  Id. at 22.

   B. Analysis

Plaintiff does not state a claim upon which relief can be granted because (1) he names defendants who are immune from suit, and (2) his complaint is barred by the "favorable termination rule."

      1. Defendants Smith and Melikian

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983.  Pierson v. Ray, 386 U.S. 547, 553-55 (1967).  This means a judge cannot be sued for anything he does as a judge.

---

[1] Plaintiff appears to have used multiple complaint forms to file one complaint.  The allegations appear consistent throughout, and the court is construing the filed document as one complaint.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)). A judge's jurisdiction is quite broad and its scope is determined by the two-part test articulated in Stump:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to [(1)] the nature of the act itself, i.e., whether it is a function normally performed by a judge, and [(2)] to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 362.

The allegations against defendants Smith and Melikian involve functions "normally performed by a judge." Plaintiff interacted with the judges while they were acting as superior court judges. Defendants Smith and Melikian are therefore absolutely immune from liability under § 1983 and the claims against them must be dismissed without leave to amend.

### 2. Defendant Knapp

Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986) (en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Id. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony, and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984).

Since plaintiff appears to take issue with defendant Knapp for the initiation and presentation of the state's case, Knapp is immune from suit and the claims must be dismissed.

### 3. Favorable Termination Rule

Plaintiff may not seek money damages for his allegedly wrongful conviction and sentence

in a § 1983 action under the "favorable termination rule." In <u>Heck v. Humphrey</u>, 512 U.S. 477(1994), the United States Supreme Court held that when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. <u>Id.</u> at 487.

Plaintiff claims that he was wrongfully arrested, charged, convicted and imprisoned. ECF No. 1 at 4-8. His complaint necessarily challenges the validity of his conviction and sentence. Plaintiff does not allege that his conviction or sentence has already been reversed or invalidated. Thus, plaintiff's complaint is barred by the favorable termination rule.

Plaintiff may bring a suit for damages only if and when he first succeeds in having his conviction set aside. That is not relief that can be obtained through a civil rights lawsuit.

### C. <u>No Leave to Amend</u>

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if after careful consideration it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1005-06.

Here, amendment would be futile. The substance of plaintiff's case is <u>Heck</u>-barred, and several of plaintiff's proposed defendants are immune from suit. These are not defects that can be cured by amendment. The complaint should therefore be dismissed without leave to amend.

## II.   PLAIN LANGUAGE SUMMARY

Your claims should be dismissed because even if they are true, the judges and prosecutor are immune from a civil suit under § 1983. Lawsuits seeking damages for an unlawful arrest and conviction cannot be brought unless and until the conviction has been overturned or set aside.

### III. CONCLUSION

For the reasons explained above, plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

It is HEREBY RECOMMENDED that the complaint (ECF No. 1) be DISMISSED because it fails to state a claim upon which relief can be granted. It is further recommended that leave to amend not be granted because amendment would be futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

SO ORDERED.

DATED: October 23, 2017

                                              ALLISON CLAIRE
                                              UNITED STATES MAGISTRATE JUDGE